IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03069-SBP

BOBBY E. HENARD,

    Plaintiff,

v.

COUNTY OF JEFFERSON,
JEFF SHRADDER,
WELL PATH,
VITAL CORE,
R. MARINELLI,
GONSALVES JOHN DOE,
DECARLO JOHN DOE,
CARNAHAN JOHN DOE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

    Plaintiff Bobby E. Henard is detained at the Jefferson County Detention Facility in Golden, Colorado. Plaintiff has filed *pro se* a Prisoner Complaint. (ECF No. 1). The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Plaintiff asserts federal jurisdiction pursuant to 42 U.S.C. § 1983; the Americans With Disabilities Act (ADA), 42 U.S.C. §§1201, *et seq.*, as amended; and section 504 of the

1

Rehabilitation Act, 29 U.S.C. § 794(a). In his lengthy, rambling pleading, Plaintiff makes jumbled and confusing allegations which appear to include alleged use of excessive force by jail personnel, allegations concerning showers and his use of a wheelchair, and allegations concerning his medical care and medications, his outdoor recreation, and his use of a CPAP machine. He seeks monetary damages.

## I.     Rule 8

The Prisoner Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

"[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It is Plaintiff's responsibility to present his claims in a concise, manageable, and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Neither the Court nor defendants should be required to sift through incoherent allegations to attempt to determine the heart of each claim.

Moreover, conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well pleaded factual contentions, not [his] conclusory allegations." *Hall*, 935 F.2d at 1110. Plaintiff must provide a clear and concise statement of each claim that identifies the specific claim being asserted, the specific facts supporting the claim, against which defendant or defendants the claim is asserted, and what each defendant did or failed to do that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Plaintiff's amended pleading must comply with Rule 8.

## II. Municipal Liability

Plaintiff's § 1983 claims asserted against a county or any defendants employed by a county in their official capacities must be supported by facts to show that a county policy or custom exists and that there is a direct causal link between the policy or custom and Plaintiff's alleged constitutional injury. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Local government entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton*, 489 U.S. at 385; *Myers*, 151 F.3d at 1316-20. Further, Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

## III. Personal Participation

For those claims against any defendant in his or her individual capacity, personal participation is an essential allegation in an action brought under 42 USC § 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each individual defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "The elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted). There must be an affirmative link between the alleged constitutional violation and each individual defendant's participation, control, direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d

4

1053, 1055 (10th Cir. 1993).   Supervisory officials may not be held liable for the unconstitutional conduct of subordinates on a theory of *respondeat superior*.   See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."   *Id*. at 1199.   Plaintiff must allege personal participation of each named defendant in the amended Prisoner Complaint.

Similarly, to hold a private corporation liable under § 1983, Plaintiff must allege specific facts to demonstrate that he suffered an injury caused by an official policy or custom of the corporation.   See *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [plaintiff] must show that CCA directly caused the constitutional violation by instituting an

official policy of some nature that was the direct cause or moving force behind the constitutional violations" ) (internal citation and quotation marks omitted).

### IV.    ADA and Rehabilitation Act

Title II of the ADA bars discrimination in services offered by public entities.  *See* 42 U.S.C. § 12132.   Title II provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  *Id.*   Prisons are "public entities" subject to the ADA, which requires prisons to provide reasonable accommodations, not necessarily the accommodation Plaintiff prefers.  *See Selenke v. Medical Imaging of Colo.*, 248 F.3d 1249, 1263 (10th Cir. 2001).   Prison officials have an obligation under the ADA to provide "meaningful access" to prison services, programs, or activities.  *See Alexander v. Choate*, 469 U.S. 287, 301 (1985) ("to assure meaningful access, reasonable accommodations in the [public entity's] program or benefit may have to be made"); *see also Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (stating a plaintiff must allege facts demonstrating exclusion from participation in or denial of benefits of services, programs, or activities because of covered disability).

Plaintiff is advised that to state a claim under Title II in any amended pleading, he "must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."  *Robertson*,

500 F.3d at 1193.   The only proper defendant to an ADA claim is "the public entity itself or an official acting in his or her official capacity."   *Hicks v. Keller*, No. 11cv0422-WJM-KMT, 2012 WL 1414935, at *6 (D. Colo. April 24, 2012).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."   29 U.S.C. § 794(a).   To state a claim for disability discrimination under the Rehabilitation Act Plaintiff must allege facts showing the same elements required to prevail under Title II of the ADA.   *See Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998).

Plaintiff also is advised that "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."   *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Rashad v. Doughty,* No. 00-6088, 4 F. App'x 558, 560 (10th Cir. 2001) (unpublished) ("the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation."); *Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012) (unpublished) (recognizing that "the ADA does not provide a remedy for medical negligence or a means to challenge purely medical decisions regarding the propriety of a course of treatment."); *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

### V.     Duplicative Claims

The Court notes that Plaintiff has asserted federal claims alleging the denial of a CPAP machine and the denial of a shower chair in previously-filed actions currently pending in this Court.  *See Henard v. Albers, et al.*, No. 21-cv-03123-WJM-MDB (D. Colo. Nov. 18, 2021); *Henard v. County of Jefferson, et al*, No. 23-cv-001523-DDD-MDB (D. Colo. June 15, 2023). Plaintiff is advised that a duplicative cause of action filed by a prisoner who is proceeding *in forma pauperis* is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir. 1997) (affirming dismissal of duplicative suit as frivolous).  *See also Winkel v. Hammond*, 601 F. App'x 754, 755 (10th Cir. 2015) (same, citing *McWilliams*).

For these reasons, Plaintiff must file an amended Prisoner Complaint if he wishes to pursue claims in this action.

Accordingly, it is

ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to file an amended Prisoner Complaint that complies with the advisements and directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain and use the current (revised November 2022) court-approved Prisoner Complaint form (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  **The amended Prisoner Complaint must not exceed thirty pages in length.**   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint that

complies with this order within the time allowed, this action may be dismissed without further notice.

DATED February 5, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge