IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–03069–DDD–MDB

BOBBY E HENARD,

    Plaintiff,

v.

GONSALVES,
DECARLO, and
CARNAHAN,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on the Defendants' Motion to Find Plaintiff in Violation of the "Three Strikes" Rule Pursuant to 28 U.S.C. § 1915(g). (["Motion"], Doc. No. 62.) Plaintiff has not responded to the Motion and the time to do so has lapsed. (*See* Doc. No. 69.) After reviewing the Motion, briefing and relevant law, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED** and this case be **ADMINISTRTIVELY CLOSED**.

### SUMMARY FOR *PRO SE* PLAINTIFF

The "three strikes" rule under the Prison Litigation Reform Act of 1995 requires 'frequent filer' prisoners to prepay the entire filing fee before federal courts consider their claims. This means that if three or more of your prior actions were dismissed for failure to state a claim, the privilege of filing *in forma pauperis* will be revoked. Defendants have filed a Motion

asking the Court to find that the three strikes rule applies here because at least five of your prior claims have been dismissed in the manner contemplated by the PLRA. You have not contested Defendants' position, and the Court finds that Defendants are correct. Thus, the Court is recommending that the Motion be granted and that your *in forma pauperis* status be revoked.

This is only a high-level summary of the Court's decision, which is set forth below, along with information about your right to object to this decision.

## ANALYSIS

In his Complaint, Plaintiff brings claims of excessive force and deliberate indifference in connection with alleged events in November 2021 and April 2023. (*See generally* Doc. No. 20.)

In August 2025, Jefferson County moved to revoke Plaintiff's *in forma pauperis* status in this, and all pending cases against it or one of its officials. (*See* 1:24-cv-03086-DDD-MDB; 1:23-cv-01523-DDD-MDB; 1:21-cv-03123-WJM-MDB.[1]) Defendants contend that, "[b]ecause Mr. Henard has at least five (5) strikes against him under Section 1915(g), he should be prohibited from further proceeding *in forma pauperis*." (Doc. No. 62 at 3 (footnote omitted).) As a remedy, Defendants ask the Court to administratively close the matter until Plaintiff pays his filing fees or dismiss this matter for failure to prosecute. (*Id*. at 5.)

"Congress first enacted an in forma pauperis statute in 1892." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015). It recognized that "no citizen sh[ould] be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Id*. (quoting

---

[1] In the case before the Honorable William J. Martinez, Jefferson County's Motion was granted on December 3, 2025. (*See* 1:21-cv-03123-WJM-MDB, at ECF 304.)

*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). Congress "therefore permitted a citizen to 'commence and prosecute to conclusion any such ... action without being required to prepay fees or costs, or give security therefor before or after bringing suit." *Id*. "The statute permits an individual to litigate a federal action in forma pauperis if the individual files an affidavit stating, among other things, that they are unable to prepay fees 'or give security therefor'" *Henard v. Albers*, 2025 WL 3470309, at *1 (D. Colo. Dec. 3, 2025) (quoting 28 U.S.C. § 1915(a)(1)).

"But Congress also recognized that this statutory scheme could lead to the filing of 'frivolous, malicious, or repetitive lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). "So Congress enacted the Prison Litigation Reform Act of 1995, which 'contains a variety of provisions designed to bring this litigation under control.'" *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 84 (2006)). Pertinent to this matter is the "three strikes" rule contained in 28 U.S.C. § 1915(g), which reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[T]he 'three strikes' provision of the [in forma pauperis] statute applicable to indigent prisoners[ ] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting § 1915(g)) (alteration in original).

Plaintiff is a frequent litigator in this District. Defendants assert that Plaintiff has filed 19 *pro se* lawsuits in the District of Colorado. (Doc. No. 62 at 1; *id.* at n.1 (listing lawsuits and their

3

case numbers).) According to Defendants, "a [c]ourt in this District [has] entered a final judgment dismissing [Plaintiff's] action for failing to state a claim within the meaning of Section 1915(g)" on five different occasions. (*Id*. at 3.) Specifically, Defendants cite the following cases, which are included as exhibits to their Motion:

- 23-cv-00287-LTB-KLM, at pp. 2–4 (offering Mr. Henard the opportunity to amend his Complaint to comply with Rule 8(a)), p. 8 (dismissing for failing to comply with Rule 8);

- 23-cv-00577-LTB-KLM, at pp. 2–4 (same), p. 10 (same);

- 23-cv-01407-LTB-SBP, at pp. 3–4 (same), p. 11 (same);

- 23-cv-02995-SBP, at pp. 2–3 (same), p. 10 (same);

- 23-cv-03072-LTB-SBP, at pp. 2–3 (same), p. 11 (same).

(Doc. Nos. 62-2; 62-3; 62-4; 62-5; 62-6.) The Court has reviewed these dismissal orders and concludes they qualify as "strikes" under section 1915(g). Plaintiff does not appear to contest this conclusion as he has not responded to the Motion.[2] Accordingly, the Court concludes Plaintiff is no longer entitled to the benefits provided by the *in forma pauperis* statute.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion to Find Plaintiff in Violation of the "Three Strikes" Rule Pursuant to 28 U.S.C. § 1915(g)

---

[2] Plaintiff *did* respond to Jefferson County's Motion in 1:24-cv-03086-DDD-MDB. (*See* 1:24-cv-03086-DDD-MDB, ECF 42.) That response did not contest the County's position that Plaintiff has indeed been given three strikes under section 1915(g). Plaintiff instead argued that the County's motion should nevertheless be denied because he satisfied the "immanent danger" exception to section 1915(g). (*See* 1:24-cv-03086-DDD-MDB, ECF 42.) However, the Court rejected Plaintiff's argument and recommended that the County's Motion be granted. ((*See* 1:24-cv-03086-DDD-MDB, ECF 49 at 5–7.)

4

(Doc. No. 62) be **GRANTED**, Plaintiff's *in forma pauperis* status be **REVOKED**, and this case be **ADMINISTRATIVELY CLOSED** unless and until (1) Plaintiff prepays the entire filing fee and (2) with respect to Plaintiff's ongoing competency issue, the parties show good cause to reopen the case as outlined in the order at Doc. No. 46.

The Clerk of Court is directed to mail a copy of this Recommendation to Plaintiff:

Bobby E Henard
#01138778
Jefferson County Detention Facility
P.O. Box 16700
Golden, CO 80402-6700

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of December, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge